**BADER, YAKAITIS & NONNENMACHER, LLP**

ATTORNEYS AT LAW
350 FIFTH AVENUE
SUITE 7210
NEW YORK, NY 10118

PHONE (212)465-1110
FAX (212)279-8991

JEFFREY W. BADER
PAUL A. YAKAITIS
JOHN J. NONNENMACHER

DARLENE S. MILOSKI
ROBERT E. BURKE
JESSE M. YOUNG
ERIC HORN

January 25, 2012

Magistrate Judge A. Kathleen Tomlinson
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, NY 11722

    Re:  Antoine Taylor v. Nassau County et al.
    Docket No.: 11-CV-00934 (SJF)(AKT)

Dear Judge Tomlinson:

  Pursuant to your request, enclosed please find a copy of the Section of Police Officer Keith Rogich's deposition transcript dealing with defense counsel's motion for a protective order and your ruling.

                Respectfully submitted,

                John J. Nonnenmacher, Esq.

cc: Peter A. Laserna, Esq.
County Of Nassau
Office Of The County Attorney
One West Street
Mineola, NY 11501-4820

SHEET 1  PAGE 1

```
                                                    1

 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ------------------------------------------X

 3   ANTOINE TAYLOR,

 4                  Plaintiff,

 5                                  INDEX NO.:
                                    11-CV-0934
 6             -against-

 7
     NASSAU COUNTY, THE NASSAU COUNTY POLICE
 8   DEPARTMENT, NASSAU COUNTY POLICE
     COMMISSIONER LAWRENCE MULVEY, FIRST DEPUTY
 9   COMMISSIONER ROBERT MCGUIGAN, SECOND DEPUTY
     COMMISSIONER WILLIAM FLANAGAN, ASSISTANT
10   COMMISSIONER DAVID MACK, ASSISTANT
     COMMISSIONER ROBERT CODIGNOTTO, CHIEF OF
11   THE DEPARTMENT STEVEN SKRYNECKI, CHIEF OF
     PATROL JOHN HUNTER, JOHN DOES COMMISSIONERS
12   AND SUPERVISORS, POLICE OFFICER KEITH ROGICH
     AND JOHN DOE POLICE OFFICER,
13

14                  Defendants.
     ------------------------------------------X
15
                       One West Street
16                     Mineola, New York

17                     November 18, 2011
                       12:13 P.M.
18

19        EXAMINATION BEFORE TRIAL of POLICE OFFICER

20   KEITH ROGICH, one of the Defendants herein, taken

21   by the attorney for the Plaintiff, pursuant to

22   Notice, and held before Karen Ditria, a Notary

23   Public of the State of New York, at the

24   above-stated time and place.

25
                   *     *     *     *
```

SHEET 2 PAGE 2

2

```
 1
 2
 3    A P P E A R A N C E S:
 4
 5    BADER, YAKAITIS & NONNENMACHER, LLP
            Attorneys for Plaintiff
 6          350 Fifth Avenue, Suite 7210
            New York, New York 10118
 7
      BY:   JOHN J. NONNENMACHER, ESQ.
 8
 9
10    NASSAU COUNTY
      OFFICE OF THE COUNTY ATTORNEY
11          Attorneys for County Defendants
            One West Street
12          Mineola, New York 11501
13    BY:   PETER LASERNA, ESQ.
      FILE NO.:  10X44051
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    Keith Rogich
 2   K E I T H   R O G I C H,
 3        The witness herein, having first been duly
 4   sworn by Karen Ditria, a Notary Public in and for
 5   the State of New York, was examined and testified
 6   as follows:
 7   EXAMINATION
 8   BY JOHN J. NONNENMACHER, ESQ.:
 9        Q     Please state your name for the record.
10        A     Keith Rogich.
11        Q     What is your business address?
12        A     1490 Franklin Avenue, Mineola, New York
13   11501.
14        Q     Good afternoon, Mr. Rogich.  My name is
15   John Nonnenmacher.  I'm a partner with the law
16   firm of Bader, Yakaitis and Nonnenmacher.  I
17   represent the Plaintiff, Antoine Taylor, in this
18   action.
19              The address that you just gave us, is
20   that your home address?
21        A     No.
22              MR. NONNENMACHER:  Counsel, will you
23        accept a subpoena on his behalf at the time
24        of trial?
25              MR. LASERNA:  Yes, I will.
```

```
 1                  Keith Rogich
 2      Q    Did any of the police officers that
 3  were present at the scene ever represent to you
 4  that they saw Mr. Taylor's vehicle approach you?
 5      A    Well, yeah.  I mean, but -- I don't
 6  know exactly what they said.  You know, I don't
 7  know what they -- they were interviewed
 8  individually by the shooting team and homicide.
 9  So what they said to the shooting team and
10  homicide, you know, we haven't had much
11  conversation about it.
12           MR. NONNENMACHER:  Off the record.
13           (Whereupon, there was a discussion held
14      off the record.)
15      Q    Do you know where Mr. Taylor is now?
16      A    I believe he is in prison.
17      Q    Do you know where?
18      A    No.
19           MR. NONNENMACHER:  We have to call the
20      magistrate on the phone now to get a ruling.
21           (At this time there was a pause in the
22      proceeding.)
23           (Whereupon, Keith Rogich left the
24      deposition room.)
25           HONORABLE TOMLINSON:  On the record,
```

1           Keith Rogich
2  please.
3       I understand this is an application by
4  Defendant's counsel to preclude certain
5  lines of questioning with the Plaintiff;
6  correct?
7       MR. LASERNA:  Yes, your Honor.
8       HONORABLE TOMLINSON:  Plaintiff's
9  counsel I should say.
10      Go ahead.  You are looking for a
11 protective order.  Tell me what specifically
12 is the issue.
13      MR. LASERNA:  For the first issue,
14 Police Officer Keith Rogich is currently a
15 police officer with the Nassau County Police
16 Department.  He joined the County Police
17 Department in 1993.  Before that he was with
18 the New York City Police Department.
19      I just want to preclude any questioning
20 about whether he discharged his weapon while
21 he was with the New York City Police
22 Department prior to 1993.
23      My view is that it's not going to lead
24 to any admissible evidence at trial.  It
25 won't lead to any discoverable issue.  It's

SHEET 115   PAGE 115

115

1               Keith Rogich
2  twenty years ago and also, it is just not
3  relevant to this matter.  There is no
4  allegation that Keith Rogich has a history
5  of excessive force.  It's not pertinent to
6  this matter, and it can only lead to
7  evidence that would be prejudicial rather
8  than relevant or probative of anything at
9  issue in this trial.
10         HONORABLE TOMLINSON:  Let me ask you
11 something, is the question whether he
12 discharged a weapon relevant in this case as
13 to the allegations here?
14         MR. NONNENMACHER:  Yes, your Honor.  I
15 believe they are.
16         This is John Nonnenmacher.  I represent
17 the Plaintiff.
18         Obviously there is an issue of
19 training.  If the police officer used his
20 weapon prior to the day of this incident or
21 he used any type of excessive force, then
22 there is simply an issue as to whether he
23 should have been retrained or whether he
24 should have been hired, retained.  So it
25 goes to the issues of retention, hiring, and

1               Keith Rogich
2     the ability to retrain him.
3         MR. LASERNA: Your Honor, can I speak
4     to that matter?
5         HONORABLE TOMLINSON: Okay. Go ahead,
6     Counsel.
7         MR. LASERNA: Your Honor, Officer
8     Rogich testified today during the deposition
9     that he went through the academy at the
10    Nassau County Police Department.
11        So whatever training he received at the
12    New York City Police Department is not
13    relevant in this matter because if the
14    Plaintiff would like to bring in New York
15    City as an entity to be sued, that is fine.
16    They are not being sued. Their training of
17    police officers is not at issue in this
18    matter.
19        Nassau County and Nassau County Police
20    Department's training of police officers is
21    the issue and Officer Rogich has testified
22    that.
23        HONORABLE TOMLINSON: Here is what we
24    are going to do with this. First of all,
25    the purpose of a deposition, as you know, is

1   Keith Rogich
2   to gather the facts in the case.  Under Rule
3   26 the scope of discovery is very, very
4   broad.  It doesn't mean that everything is
5   going to be admissible at trial, but
6   currently for discovery purposes it leaves
7   it wide open.
8       In this instance if there is an issue
9   in this case about the officer discharging
10  his gun and the question is being asked as
11  to whether or not he had ever done that
12  previously in his career as a police
13  officer, I certainly think that fits within
14  the scope of relevance here.  Keeping in
15  mind the only time that you get to direct a
16  witness not to answer a question is if it
17  borders on harassment or it's a question of
18  privilege under the federal rules, and so
19  the question is acceptable and that can be
20  answered.
21      Once again, as I said, I'm sure this is
22  an issue if the Plaintiff intends to use it
23  in the future.  It will be an issue that
24  will directed to the trial judge as to
25  whether or not it gets admitted at trial on

```
 1                Keith Rogich
 2   the basis of a motion and limiting.  All
 3   right.
 4        MR. LASERNA:  Thank you, your Honor.
 5        MR. NONNENMACHER:  Your Honor, the
 6   issue that we seem to have a problem with,
 7   I'm merely asking the police officer whether
 8   there was a policy in place that he is aware
 9   of that dealt with the use of deadly
10   physical force, and counsel has objected to
11   that and I don't know why.
12        HONORABLE TOMLINSON:  Let's find out.
13   What is the basis of the objection?
14        MR. LASERNA:  Your Honor, my only issue
15   is that Police Officer Rogich is merely a
16   police officer.  He can't be said to be a
17   supervisor and he would have to define the
18   policy at the Nassau County Police
19   Department in order to answer that question
20   which he is not qualified to do.
21        HONORABLE TOMLINSON:  I don't think
22   that is the case at all, Counsel.  I think
23   he is being asked if he was aware of any
24   policy in existence and if he was, what is
25   it.
```

```
 1                    Keith Rogich
 2          Is that correct, Mr. Nonnenmacher?
 3          MR. NONNENMACHER:  Yes, your Honor.
 4          HONORABLE TOMLINSON:  One would assume
 5     that given the fact that we cover policy
 6     issues, the Plaintiff is certainly free to
 7     ask if there was a policy statement that the
 8     department issued in this regard, and if he
 9     was aware of it and if he became aware of it
10     and how much he knows about it.  That
11     certainly I think is relevant to your
12     questioning.
13          MR. LASERNA:  Thank you, your Honor.
14          MR. NONNENMACHER:  Thank you, your
15     Honor.
16          HONORABLE TOMLINSON:  Anything else?
17          MR. NONNENMACHER:  No, that is all,
18     your Honor.
19          HONORABLE TOMLINSON:  Mr. Nonnenmacher,
20     if you would please, when you get the
21     transcript, I normally in these situations
22     ask the attorney who is taking the
23     deposition, I would like you to send me,
24     once the transcript is prepared, a copy of
25     the section that deals with this colloquy
```

```
SHEET 120  PAGE 120
                                                    120

  1                    Keith Rogich
  2       and the ruling.
  3             MR. NONNENMACHER:  I certainly will,
  4       your Honor.  Have a wonderful day.
  5             HONORABLE TOMLINSON:  Have a good
  6       weekend.  Thank you both.
  7             MR. LASERNA:  Thank you, your Honor.
  8             (Whereupon, there was a pause in the
  9       proceeding.
 10             (Whereupon, Keith Rogich reentered the
 11       deposition room.)
 12       Q    Officer, in September of 2009, were you
 13   aware of any policies issued by the Nassau County
 14   Police Department with respect to the use of
 15   excessive force?
 16             MR. LASERNA:  Objection.  You can
 17       answer.
 18       A    With the use of excessive force?
 19       Q    Yes.
 20       A    I don't know if there is a policy.  I
 21   mean -- I mean it goes without saying.  I guess
 22   there is a policy, but you know, it kind of goes
 23   without saying that you are not allowed to use
 24   excessive force.  They teach you that.  I don't
 25   know exactly where it is written down, but they
```