UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ANTOINE TAYLOR,

                                                          Plaintiff,        **11-CV-0934**

                      v.                                          **(SJF)(GRB)**

NASSAU COUNTY, THE NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE
COMMISSIONER LAWRENCE MULVEY, FIRST
DEPUTY COMMISSIONER ROBERT MCGUIGAN,
SECOND DEPUTY COMMISSIONER WILLIAM
FLANAGAN, ASSISTANT COMMISSIONER DAVID
MACK, ASSISTANT COMMISSIONER ROBERT
CODIGNOTTO, CHIEF OF THE DEPARTMENT
STEVEN SKRYNECKI, CHIEF OF PATROL JOHN
HUNTER, JOHN DOES COMMISSIONERS AND
SUPERVISORS, POLICE OFFICER KEITH ROGICH
AND JOHN DOE POLICE OFFICER,

                                                        Defendants.
------------------------------------------------------------------------ X

**DEFENDANT KEITH ROGICH'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY
OR EVIDENCE CONCERNING PRIOR ACTS OF DEFENDANT
OUTSIDE THE SCOPE OF PLAINTIFF'S CAUSES OF ACTION**

**PRELIMINARY STATEMENT**

Defendant, Keith Rogich, submits this Memorandum of Law in support of his motion *in limine* dated March 28, 2013. Defendant respectfully requests an Order: (1) precluding Plaintiff's attorney from posing any questions during examination pertaining to an incident in which Officer Rogich shot an arrestee, Alberto Ambrose, while employed as a police officer in the New York City Police Department over 20 years ago; (2) precluding any witness from testifying about the incident in which Officer Rogich shot an arrestee, Alberto Ambrose, while employed as a police officer in the New York City Police Department over 20 years ago. Such questioning and testimony is wholly

1

irrelevant, pursuant to Rule 401 of the Federal Rules of Evidence. Even if the Court finds that such testimony is relevant, it is inadmissible pursuant to Fed. R. Evid. 404(b)(1) and because "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues [and] misleading the jury." Fed. R. Evid. 403.

## PROCEDURAL HISTORY

On or about February 25, 2011, Plaintiff commenced this action by filing a Summons and Complaint (hereinafter referred to as "Compl.") in the Eastern District of New York. Docket Entry (hereinafter referred to as "DE") 1. Plaintiff named Nassau County, the Nassau County Police Department, Lawrence Mulvey, Keith Rogich, Robert McGuigan, William Flanagan, David Mack, Robert Codignotto, Steven Skrynecki, Robert Turk, and John Hunter as defendants. On April 26, 2011, the defendants filed and served an Answer. DE 5.

On June 21, 2012, a stipulation of dismissal was filed with the Court. DE 56. The Court So Ordered the dismissal on June 22, 2012. Accordingly, the Nassau County Police Department, Lawrence Mulvey, Robert McGuigan, William Flanagan, David Mack, Robert Codignotto, Steven Skrynecki, Robert Turk, and John Hunter, as well as several causes of action, were dismissed from this action *with prejudice*. This dismissal left Nassau County and Officer Keith Rogich as the only remaining County Defendants.

On August 6, 2012, the County Defendants filed with the Court a fully-briefed motion for summary judgment. See DE 63-66. On November 5, 2012, Your Honor issued an Order granting in part and denying in part the County Defendants' summary judgment motion. DE 72. Pursuant to this Order, all claims against Nassau County were dismissed *with prejudice* and all claims against Officer Rogich, with the exception of a claim for

excessive force, were dismissed *with prejudice*. See id. Consequently, Nassau County was dismissed from this action and the Court ruled that the only remaining cause of action was against Officer Rogich for an allegation of excessive force in violation of Plaintiff's Fourth Amendment rights. See id.

On February 8, 2013, Your Honor issued an Order scheduling jury selection and a bifurcated trial for April 15, 2013 at 10:00 a.m. The instant motion *in limine* is submitted to Your Honor in accordance with Rule 6.B.iv. of Your Honor's Individual Rules.

## STATEMENT OF FACTS

There is no dispute that Plaintiff was arrested by members of the Nassau County Police Department on September 26, 2009, on suspicion of murder. Based on that arrest, Plaintiff was charged with several felonies and was ultimately convicted of "manslaughter in the first degree, N.Y. PENAL LAW§ 125.20, for the shooting of Eukapavi Hoskins, and reckless endangerment in the first degree, N.Y. PENAL LAW§ 120.25, for his conduct on the day of his arrest." See Order, dated November 5, 2012, DE 72, p. 8. There is a factual dispute with regard to the circumstances under which it became necessary for Officer Rogich to use a reasonable amount of force to protect his life during the arrest of Plaintiff on September 26, 2009.

During September of 2009, Plaintiff was wanted by members of the Nassau County Police Department both on suspicion of the shooting death of Eukapavi Hoskins and because there were two outstanding warrants for his arrest. See id. at p. 2. As a result of these facts, a plan was formulated that members of the Bureau of Special Operations, including Officer Rogich, would arrest Plaintiff in the area of 152 West Graham Avenue,

Hempstead, New York, a house Plaintiff was known to frequent. Id. at 2-3. This plan was ultimately implemented on September 26, 2009. Id.

Prior to the arrest of Plaintiff, it was determined that the best course of action would be to arrest Plaintiff shortly after he drove away from 152 West Graham Avenue. Id. at p. 3. Officer Rogich was in one of the cars that would stop Plaintiff and arrest him. Id. Around the time of 6:15 p.m. Plaintiff did leave 152 West Graham Avenue and the plan to arrest him was initiated. Id.

The car Officer Rogich was in drove out into the middle of the intersection of West Graham Avenue and Rose Avenue as Plaintiff's car approached the intersection. Id. at 4. When Plaintiff was at the stop sign for the intersection, Officer Rogich's car stopped in the intersection, preventing Plaintiff's car from moving forward. Id. After this, other vehicles with emergency lights on, indicating they were police vehicles, surrounded Plaintiff's car. Id. Officer Michael Knatz, the partner of Officer Rogich, then turned on the emergency lights for their car, indicating to Plaintiff that they were, in fact, the police. Id. At this time, Officer Rogich exited his vehicle and approached Plaintiff's car on foot, with his police badge displayed and his gun drawn. Id.

Officer Rogich yelled at Plaintiff that he was the police. Plaintiff responded by putting his car in reverse, driving back between five and twelve feet, then putting his car into drive and accelerating toward Officer Rogich. Id. Officer Rogich, fearing for his life at this point, maneuvered out of the way of Plaintiff's oncoming vehicle and shot three times at Plaintiff in an attempt to stop Plaintiff's car. Id. One of the three shots struck Plaintiff in the abdomen area.

## ARGUMENT

The Complaint and Plaintiff's prior testimony indicate that Plaintiff intends to argue at trial that that Officer Rogich shot him without just cause, reason or necessity, during the course of his arrest. In connection with this argument, Plaintiff may cite to a prior incident in which Officer Rogich shot an arrestee, Alberto Ambrose, while he was a member of the New York City Police Department ("NYPD"). Officer Rogich testified during his deposition that he recalled this incident taking place on or around May 30, 1992. This prior incident thus pre-dates the incident involving Plaintiff by 17 years and the date of trial by 21 years. For the reasons set forth below, evidence of this prior act should be excluded as irrelevant, inadmissible, and prejudicial.

### The Evidence at Issue is Irrelevant to this Action.

Rule 401(a) provides that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence." Rule 402 provides that "[i]rrelevant evidence is not admissible." The mere fact that Officer Rogich previously shot an arrestee simply has no bearing on any of the facts which will be argued in this trial.

There is no dispute that Officer Rogich did, in fact, shoot Plaintiff. The only dispute is in how it came to be that Officer Rogich shot Plaintiff. Plaintiff cannot suggest that the fact that Officer Rogich has shot someone in the past makes it more probable that his version of events occurred as he alleges. The involvement of Officer Rogich in a shooting which took place 21 years ago has no tendency to make any fact of what occurred on September 26, 2009 more or less probable.

5

Plaintiff has previously argued that this prior shooting is relevant because it suggests that the Nassau County Police Department failed to properly re-train Officer Rogich when he became a police officer in that police department. See Docket Entry 25, Plaintiff's Letter to Court with Ruling on County Defendants' Application for a Protective Order, dated January 25, 2012, p. 7-10. However, Your Honor has already dismissed any and all Monell claims against Nassau County and the Nassau County Police Department. See Order, dated November 5, 2012, p. 14-18. Accordingly, there are no municipal defendants on trial and any claims that they may have improperly trained Officer Rogich are irrelevant.

There is only one possible reason Plaintiff may wish to introduce evidence that Officer Rogich shot an arrestee in 1992. This reason is to suggest that because Officer Rogich shot someone in the past, he is more likely to have inappropriately shot Plaintiff on September 26, 2009. This is a purpose patently prohibited by the Federal Rules of Evidence.

### **Alleged Prior Acts Evidence is Inadmissible under Rule 404.**

Rule 404 of the Federal Rules of Evidence explicitly provides that evidence of prior crimes and wrongs is not admissible to prove propensity or the character of the defendant. Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Although evidence of prior acts may be admissible for limited purposes under Rule 404(b), none of those exceptions are applicable to this case. Indeed, it appears that Plaintiff's only reason for offering the incidents of a prior shooting would be to demonstrate Officer Rogich's alleged propensity for violence and excessive use of force.

That is the exact issue the jury will have to decide. By eliciting testimony about the prior shooting, Plaintiff will be improperly invading the province of the jury.

It is anticipated that Plaintiff may argue that the alleged prior acts fall within the Rule 404(b) exceptions for evidence related to a defendant's motive or intent. However, in order for evidence to be admissible under those exceptions, the motive and intent of the defendant must be relevant to the claim asserted. See Lewis v. Velez, 149 F.R.D. 474,479-80 (S.D.N.Y. 1993) ("While it is true that Rule 404(b) permits evidence of other acts to show intent, intent must in fact be at issue in the case to justify admission of such evidence."). As a matter of law, Officer Rogich's subjective motive and intent are irrelevant to the Plaintiff's excessive force claim.

It is well-settled that "[c]laims that law enforcement officials used excessive force must be analyzed under the Fourth Amendment and its standard of objective reasonableness." Anderson v. Branen, 17 F.3d 552, 558-59 (2d Cir. 1994) (citing Graham v. Connor, 490 U.S. 386, 397, (1989)); Tennessee v. Garner, 471 U.S. 1, 8 (1985)); see also LaGrange v. Ryan, 142 F. Supp.2d 287, 292 (N.D.N.Y. 2001) ("The key inquiry then, in proving a claim for excessive force, is whether the defendant's use of force was objectively reasonable."). "Under this standard, the jury need only consider whether the officers acted reasonably in light of the facts and circumstances of the situation they faced, without regard to their underlying motives or subjective intent toward the suspect." Anderson, supra at 17 F.3d at 558 (emphasis added); see also Messina v. Mazzeo, 854 F.Supp. 116, 128 (E.D.N.Y.1994) (noting that "the test" for determining whether the force used was unconstitutionally excessive is "one of objective reasonableness--without any reference to the officers' subjective state of mind").

Officer Rogich argues that he was attempting to subdue the Plaintiff and that the force used was reasonably necessary given the circumstances. The jury will consider that argument under an objective standard, i.e. by asking whether a reasonable police officer in the same situation would have believed that the amount of force used was necessary to ensure the safety of the officer and others. Any attempt by the Plaintiff to color and cloud the jury's assessment with evidence suggesting that Officer Rogich is prone to violence or harbors evil motives would simply serve to inflame and confuse the jury. For this reason, the introduction of such propensity evidence is prohibited under Rule 404.

The Second Circuit addressed this point in <u>Berkovich v. Hicks</u>, 922 F.2d 1018, 1022 (2d. Cir. 1991). In that case, the § 1983 plaintiff argued that prior complaints of misconduct were admissible with respect to his excessive force claim because they showed the defendant's "sadistic," "malicious," "aggravated state of mind." <u>Id.</u> The Second Circuit concluded that "[t]his proffer amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits-introducing evidence of acts to show the defendant's propensity to commit such acts." <u>Id.</u>

In sum, evidence of alleged prior acts involving Officer Rogich, which occurred more than 21 years before the event in question, is wholly irrelevant to the question of whether the force used against Plaintiff on September 26, 2009 was objectively reasonable. Thus, such evidence is inadmissible with respect to the claims against Officer Rogich. Any attempt by Plaintiff to show that Officer Rogich's use of force against Plaintiff was motivated by his alleged "propensity for violence" would be impermissible pursuant to Rule 404.

## **Alleged Prior Acts Evidence is Inadmissible under Rule 403**

In addition and in the alternative, even if the alleged prior acts had some arguable, remote relevance to the excessive force claim, the evidence would be inadmissible under Rule 403 of the Federal Rules of Evidence. Any limited probative value the evidence might arguably have would be far outweighed by the danger of unfair prejudice. See United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir.1978) (holding that evidence of prior acts is admissible under Rule 404(b) if it is "substantially relevant for some purpose other than to show the character of a person in order to prove that he acted in conformity therewith"); Berkovich, 922 F.2d at 1023 (holding that trial court properly denied discovery with respect to prior complaints against defendant officer because "the slight probative value of this evidence-as to a theory of motive, pattern or other less plausible theories of relevance-was substantially outweighed by its potential for unfair prejudice").

Any *de minimis* probative value the evidence might arguably have must be weighed against the inherent and substantial danger of unfair prejudice arising from the admission of the evidence against Officer Rogich. The jury's consideration of the credibility of the various witnesses would certainly be clouded by a temptation to see Officer Rogich as a "bad person" who is prone to violence. See, e.g., Carson v. City of Syracuse, No. 92-CV-777, 1993 WL 260676, at *3 (N.D.N.Y. July 7, 1993) (holding that prior bad acts "evidence would be irrelevant and highly prejudicial, as the trier of fact would be tempted to consider proof of [defendant officer's] past misconduct as an indication of his propensity to be violent and conclude that he acted in conformity with his character when dealing with plaintiffs…").

9

For the foregoing reasons, Officer Rogich respectfully submits that any testimony regarding Officer Rogich's involvement in a prior shooting should be precluded by the Court because its extremely minimal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. See Swift v. Mauro, 04-CV-899, 2008 WL 2704906, at *2 (N.D.N.Y. July 7, 2008).

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that the Court should preclude the Plaintiff from introducing through questioning or testimony or any other evidence the fact that Officer Rogich previously shot an arrestee while employed with the New York City Police Department in 1992.

Dated: Mineola, New York
       March 29, 2013

    John Ciampoli
    Nassau County Attorney
    By:     /s/
        Peter A. Laserna
        Deputy County Attorney
        (516) 571-2999
        Attorney for Keith Rogich